Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL LAVINE,<br><br>        Plaintiff,<br><br>    vs.<br><br>VALOR SECURITY SERVICES, INC., a Georgia Corporation,<br><br>        Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br><br>JURY DEMAND |

Plaintiff MICHAEL LAVINE ("Plaintiff" or "Lavine") alleges as follows:

1.     This action is brought pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA").  Jurisdiction is predicated under this code section as well as 28 U.S.C. § 1331, as this action involves a federal question.

2.     At all relevant times, Defendant VALOR SECURITY SERVICES, INC., a Georgia Corporation (hereinafter "Defendant" or "Valor") employed fifteen (15) employees or more on each working day in each of 20 or more calendar weeks in the current or preceding year, and they

1

are therefore subject to the provisions of the ADA.

3. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

4. Plaintiff, Lavine, is a citizen of the United States and a resident of the State of Nevada and the County of Clark.

5. Defendant, Valor, a Georgia corporation, is an employer within the meaning of *42 USC §12111(5)(A)*.

## EXHAUSTION OF REMEDIES

6. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on July 1, 2014, a copy of which is attached to Complaint as Exhibit "A".

## CAUSE OF ACTION

**(For Discrimination and Failure to Accommodate under the ADA)**

7. Plaintiff Lavine incorporates the allegation set forth in paragraphs 1 through 6, inclusive, as if fully set forth herein.

8. Lavine was hired by the Desert Rose Resort in May 2006 as a certified lodging security officer.

9. In September of 2012 Shell Hospitality, Inc., the parent company to Desert Rose Resort sold the resort to Wyndham Vacation Ownership, Inc. ("Wyndham").

10. On the morning of January 1, 2013, Plaintiff was attacked at work while on duty as a security officer, when a individual was able to gain illegal access to a secured building on the property located at 5051 Duke Ellington Way, Las Vegas, Nevada.

11. Lavine was "jumped" from behind and was severely and violently beaten upon his head, eyes and body, which included being repeatedly hit and slammed around the room he was in for about fifteen minutes until he was able to escape from the assailant and run for help.

12. Plaintiff was taken to Desert Springs Hospital where he was treated for his injuries which included trauma to his brain, severe lacerations around his eyes which required numerous stitches, and injuries to his back, left leg and right knee. Lavine almost died from his injuries.

13. Because his injuries were job related, Lavine filed a worker's compensation claim and was out on worker's compensation leave from the date of the attack until he was returned to full duty by the worker's compensation appointed physician on or about April 2, 2013.

14. In the interim, Wyndham outsourced the property's security department to Valor effective February 19, 2013.

15. On or about January 23, 2013, Plaintiff was introduced to the executive vice president for Valor, Robert Black via a conference call. Black assured Lavine that he would retain his same position at Valor, at the same rate of pay and at the same location, once Lavine recovered from his disabilities.

16. Black told Plaintiff that he should take all the time necessary to recover from his injuries and that he should not worry or stress about his position, because it would be there for Lavine when he fully recovered from his injuries.

17. Black said he would send Plaintiff some paperwork to be filled out to update his profile so it could be incorporated into the Valor human resources system.

18. When Lavine never received the paperwork promised, he tried to call Black numerous times at the Valor corporate headquarters in Marietta, GA but did not receive a return call from Black.

19. Frustrated that Black was not returning his phone calls, Plaintiff was able to talk to a Mr. Rehms at the Valor headquarters who said he would contact Black and either he or Black would get back to Lavine. Again, no one from Valor got back with Plaintiff.

20. Finally Plaintiff had his son drive him to the local Valor office in Las Vegas and there he spoke with a Mr. Carmody who said he was the senior security director in Las Vegas.

21. Lavine told Carmody what had transpired since the beginning of 2013 when he was injured and Carmody told Plaintiff to fill out a comprehensive Valor profile form.

3

22. After filling out the profile form and spending approximately one hour at the local Valor office, Carmody advised Plaintiff that Valor could not hire him because of his current disabilities.

23. Lavine informed Carmody that Black was aware of his disabilities and told Plaintiff that once he was cleared to go back to work, Black said he would be transitioned into the Valor security work force at Desert Rose Resort just like the other employees who worked for Wyndham had.

24. Carmody again advised Plaintiff that Valor could not hire him because of his current disabilities.

25. Lavine again tried to call Black and Rehms at the corporate headquarters of Valor in Mariette, GA to inquire about the status of the employment he had been insured he would get and to tell them of what Carmody said, but to date no one from Valor has responded to his inquires.

26. Valor made no effort to engage in an interactive process with Plaintiff to try to find him a reasonably accommodation for Plaintiff's disabilities as required by law and instead refused to hire him as he was assured he would be, in violation of the ADA.

27. Plaintiff continues to have pain and permanent problems which include blurred vision in his eyes resulting in spidery thin lines in his field of vision, a permanent limp, balance problems when he walks or stands, problems bending and problems walking or standing for long periods of time. Plaintiff is still under doctor's care for some of his disabilities.

28. As a direct, foreseeable, and legal result of the Defendant's disability discrimination, failure to accommodate Plaintiff's disability and failure to hire Plaintiff like he was assured he would be, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

29. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination, failure to accommodate Plaintiff's disability and failure to hire Plaintiff like he was

4

assured he would, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

30. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

31. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

32. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lavine demands judgment against Defendants as follows:

1. Declaring that the acts and practices complained of here are a violation of Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*;

2. Enjoining and permanently restraining the violations by Defendant of the ADA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

5

7.     For pre-judgment interest on all damages; and

8.     For any other and further relief that the Court considers proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 9/28/2014          LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
     Michael P. Balaban
     LAW OFFICES OF MICHAEL P. BALABAN
     10726 Del Rudini Street
     Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michael Lavine<br>3440 Cassa Luce Ave.<br>Las Vegas, NV 89141 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2014-00338 | Robert Holmes, Investigator | (702) 388-5013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*

**JUL 1 – 2014**

Enclosures(s)          Amy Burkholder,          *(Date Mailed)*
                       Local Office Director

cc:

**VALGR SECURITY SERVICES**
200 North Cobb Parkway #128
Marietta, GA 30002